UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY E. DIETZ,

        Plaintiff,

v.

        Case No. 10-12610

        HON. GEORGE CARAM STEEH

ALLIED HOME MORTGAGE
CAPITAL CORPORATION,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On June 10, 2010, plaintiff Anthony E. Dietz filed an action in Wayne County Circuit Court alleging claims against his former employer, defendant Allied Mortgage Capital Corporation ("Allied"). On July 1, 2010, Allied removed the case to this court and filed a motion to dismiss asserting the claims are subject to arbitration. A hearing on the motion was held on September 15, 2010. For the reasons set forth below, the court GRANTS defendant's motion to dismiss.

## BACKGROUND

Allied is a national mortgage loan origination company headquartered in Houston, Texas. Plaintiff is a Michigan resident who on May 24, 2000 entered into an employment agreement with Allied to become a branch manager for three Allied locations. Plaintiff was employed by Allied as a branch manager until July 31, 2008. The employment agreement between plaintiff and Allied contains the following mandatory arbitration agreement:

> Employer and Employee agree to submit to final and binding arbitration any and all disputes, claims (whether in tort, contract, statutory, or otherwise), and disagreements concerning the interpretation or application of this

> Agreement and Employee's employment by Employer and the termination of this Agreement...including the arbitrability of any such controversy or claim...Any such dispute, claim, and disagreement subject to arbitration pursuant to the terms of this Section 5.1 shall be resolved by arbitration in accordance with the Employment Dispute Resolution Rules ("Arbitration Rules") of the American Arbitration Association (the "AAA") in effect at the time of arbitration. Arbitration under this section must be initiated within sixty (60) days of the action, inaction, or occurrence about which the party initiating the arbitration is complaining.

Section 5.1, Exhibit A to Complaint.

Plaintiff filed an action in Wayne County Circuit Court alleging: (1) breach of the employment agreement; (2) fraud/fraudulent misrepresentation; (3) silent fraud; (4) innocent misrepresentation; (5) conversion; (6) unjust enrichment; and (7) an action for an accounting.

On July 1, 2010, Allied removed the case to this court and filed a motion to dismiss. In its motion, Allied argues all of plaintiff's claims relate to the employment relationship between the parties and are therefore subject to mandatory arbitration. Allied seeks dismissal of plaintiff's claims pursuant to the mandatory arbitration clause or, alternatively, a stay of the case pending arbitration.

In response, plaintiff admits his claims center around the employment relationship between the parties and therefore appears to admit the claims are within the scope of the arbitration clause. However, plaintiff argues: (1) Allied waived its right to compel arbitration by removing the case to federal court; (2) arbitration is barred by the provision in the arbitration clause mandating that claims be filed within sixty days of accrual of the claim; and (3) the arbitration clause is invalid as it was induced by fraud.

STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the

complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, — U.S. — ; 129 S.Ct. 1937, 1951 (2009). The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. Id. at 1950.

ANALYSIS

Employment contracts, except those governing workers engaged in transportation, are governed by the Federal Arbitration Act (FAA), 9 U.S.C. § 2. DeOrnellas v. Aspen Square Mgt., Inc., 295 F.Supp.2d 753, 759 (E.D. Mich. 2003) (citing EEOC v. Waffle House, Inc., 534 U.S. 279, 289 (2002)). Under § 2 of the FAA, written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." Great Earth Companies, Inc. v. Simons, 288 F.3d 878, 889 (6th Cir. 2002) (quoting 9 U.S.C. § 2). "[I]n deciding whether a valid agreement to arbitrate exists, district courts may consider only claims concerning the validity of the arbitration clause itself, as opposed to challenges to the validity of the contract as a whole." Id. (citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967)). Moreover, "courts are to examine the language of the contract in light of the strong federal policy in favor or arbitration. Likewise, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." Id.

3

(quoting Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000)).

In this case, the employment agreement entered into by the parties (and attached to the plaintiff's complaint) contains a mandatory arbitration clause. The arbitration clause covers "any and all disputes, claims (whether in tort, contract, statutory, or otherwise), and disagreements" concerning the employment relationship between the parties. Plaintiff admits the claims "are based on his employment relationship with Allied." (Resp., p. 8.) Therefore, all seven of plaintiff's claims appear to fall within the scope of the arbitration clause. Plaintiff asserts three challenges to the mandatory arbitration clause: (1) waiver; (2) time bar; and (3) fraudulent inducement. As discussed below, none of these challenges invalidates the clause.

First, plaintiff asserts that Allied waived its right to compel arbitration by participating in this case. Plaintiff asserts Allied's removal of the case from state court to federal court constitutes a waiver. As the Sixth Circuit noted in Dantz v. Am. Apple Group, LLC, 123 Fed. Appx. 702, 707, 2005 US App. LEXIS 3454, *11-12 (6th Cir. March 1, 2005) (unpublished), "waiver can be implied by a defendant's actions in pursuing litigation." However, the Sixth Circuit found that "mere removal of a case to federal court, and nothing more, does not constitute waiver of a defendant's right to arbitration." Id., citing Williams v. Cigna Fin. Advisors, 56 F.3d 656 (5th Cir. 1995) (holding a defendant did not waive arbitration by removal to federal court, filing of compulsory counterclaim, and participation in discovery after stay was denied).

Plaintiff cites two cases in support of its waiver argument. In Joba Constr. Co. v. Monroe Cnty. Drain Comm'r, 150 Mich. App. 173, 179 (1986), the plaintiff waived its right to arbitration when it filed an arbitration demand and then (1) filed a complaint in circuit

4

court requesting the same relief; (2) answered a counterclaim; (3) submitted interrogatories; and (4) answered interrogatories. The court found that the pursuit of discovery not available in arbitration was inconsistent with the plaintiff's arbitration demand and therefore the plaintiff had waived its right to arbitrate. Id. In Madison Dist. Pub. Sch. v. Myers, 247 Mich. App. 583, 586 (2001), the plaintiff waived arbitration as it did not demand arbitration until after it (1) filed a lawsuit; (2) answered a counterclaim without mentioning the arbitration clause; (3) participated in mediation, facilitation, and eight witness depositions; (4) filed forty-five requests for admission and genuineness of documents (and then filed a motion and supporting brief to compel additional responses to the requests for admission); (5) exchanged exhibit and witness lists; and (6) otherwise actively pursued litigation for twenty months. The plaintiff's arbitration demand came after the court granted the defendant's motion for summary disposition, disposing of the plaintiff's claims. Id. at 586. Clearly, the facts in the cases cited by plaintiff are substantially different from the facts in this case. In this case, Allied simultaneously removed the case and sought to enforce the arbitration agreement. Allied did not pursue discovery or otherwise actively litigate the claims.[1] Plaintiff does not cite any cases addressing mere removal as a waiver of arbitration. The court therefore finds the Sixth

---

[1]During the hearing on Allied's motion to dismiss, plaintiff argued Allied's removal was significant because the state court would have applied the AAA rules (as the arbitration clause provides the arbitration shall proceed in accordance with AAA rules). However, plaintiff failed to explain how the AAA rules would produce a different result. Indeed, the various versions of the AAA Employment Arbitration Rules and Mediation Procedures in place since 2006 have all included a statement that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."

Circuit's analysis in Dantz compelling and applicable here. Plaintiff's first argument fails.

Second, plaintiff argues the case should not be dismissed pursuant to the mandatory arbitration clause because arbitration under the procedural posture of this case is barred by the portion of the arbitration clause mandating that claims be filed within sixty days of accrual of the claim. Plaintiff argues arbitration is time-barred and the time bar is unreasonable under Michigan law. Plaintiff cites three cases in support, but none of the cases involve a mandatory arbitration clause. Plaintiff fails to cite any authority for the proposition that this court should even consider its arguments – should even entertain an argument regarding the reasonableness of a time limitation on claims – *when a mandatory arbitration clause covers those claims*. Instead, the AAA is the appropriate forum for arguments concerning whether plaintiff's claims are time-barred. Such a result is particularly appropriate in this case because the mandatory arbitration clause also provides that the question of arbitrability is to be decided by the AAA arbitrators. See Ex. A to Compl., 5.1 ("Employer and Employee agree to submit to final and binding arbitration any and all disputes...including the arbitrability of any such controversy or claim.") Thus, pursuant to the arbitration clause, the time bar issue raised by plaintiff is subject to mandatory arbitration.

Third, plaintiff argues the arbitration clause is invalid as it was induced by fraud. In determining whether a valid arbitration agreement exists, state law concerning the validity of contracts applies, but the FAA preempts state laws addressing only arbitration provisions. Great Earth, 288 F.3d at 889. In addition, this court may only consider a claim of fraud in the inducement of the arbitration clause as distinguished from fraud in the inducement of the agreement as a whole. See Great Earth, 288 F.3d at 889 (citing Prima

Paint Corp., 388 U.S. at 403-04; see also Rent-A-Center, West, Inc. v. Jackson, 130 S.Ct. 2772, 2779 (2010) (finding challenges to the agreement as a whole, rather than the arbitration clause specifically, are matters for the arbitrator rather than the court to decide).

In the complaint, plaintiff does not allege fraud in the inducement of the mandatory arbitration clause or assert any other challenge to the validity of the arbitration clause. These allegations were first asserted in response to the motion to dismiss. While plaintiff attempts to frame his new allegations as fraud in the inducement *of the arbitration clause*, it appears his allegations are directed at the contract as a whole. Tellingly, plaintiff states because the arbitration clause "was also agreed to based on fraudulent representations, that provision must fail *with the rest of the fraudulent contract.*" (Resp., p. 14 (emphasis added).) Plaintiff fails to create an issue of fact on his claim of fraud in the inducement of the arbitration clause. Plaintiff cites Horn v. Cooke, M.D., 118 Mich. App. 740, 746 (1982) for the proposition "that in order to avoid an arbitration agreement, a plaintiff must establish that defendant made a misrepresentation that plaintiff relied upon when deciding to arbitrate and plaintiff was harmed thereby." (Resp., p. 15.) Plaintiff asserts that Allied had illegal practices and that he would not have entered into the arbitration clause had he known of these illegal practices. (Resp., p. 14.) However, plaintiff fails to identify any misrepresentations that induced him to enter into the arbitration clause. Plaintiff's complaint does not reference any allegedly fraudulent statements made prior to May 24, 2000 that would serve as a basis for such a claim. Indeed, the fraud/fraudulent misrepresentation claim asserted in the complaint relies upon representations made "[d]uring the course of the parties' employment relationship." (Compl., ¶57.) Dietz's Affidavit, filed with his response to the motion to dismiss, fails to cure this deficiency.

Plaintiff's challenges to the mandatory arbitration clause therefore fail.

Dismissal of a lawsuit is proper where the claims are all subject to mandatory arbitration. Hensel v. Cargill, Inc., No. 99-3199, 1999 WL 993775, *4 (6th Cir. Oct. 19, 1999) (citing Alford v. Dean Witter Reynolds Inc., 975 F.2d 1161, 1164 (5th Cir. 1992), and Sparling v. Hoffman Const. Co., Inc.,864 F.2d 635, 638 (9th Cir. 1988). Allied is entitled to dismissal of plaintiff's claims, without prejudice, because all of the claims are subject to arbitration.

CONCLUSION

Defendant's motion to dismiss is hereby GRANTED. Plaintiff's claims are hereby DISMISSED, in deference to arbitration.

SO ORDERED.

Dated: October 26, 2010

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 26, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk